UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

| | | |
|---|---|---|
| EDWARD SPENCER, YANIRA ALGARIN, STEVEN NUZZO, STEPHANIE NUZZO and MARGIE TYSON, | ) ) ) | |
| | ) | |
| Plaintiffs, | ) | |
| | ) | |
| v. | ) | Case No. 6:19-cv-1002-Orl-78EJK |
| | ) | |
| SONNY PERDUE, BRUCE LAMMERS, PHILIP LEARY and SLATE WEST ELEVEN LLC | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |

**JOINT MOTION TO AMEND SCHEDULING ORDER**

Pursuant to Federal Rule of Civil Procedure 16(b)(4), the parties jointly move to amend the scheduling order, but—as set forth below—disagree about much of what the Court should do, and say:

1.      Counsel for plaintiffs and defendant Slate West Eleven LLC met in July pursuant to Rule 26(f) to discuss a preliminary schedule for this case. In the report of that case, counsel noted on the first page that the government did not participate in that conference and "the parties may seek to revise or amend the Report" after the appearance of the U.S. Attorney's Office. Since then, counsel for the government defendants joined the case and the plaintiffs filed an amended complaint adding a plaintiff and four new claims against Slate (counts 1–III and VI).

2.      On November 1, 2019, counsel for all parties met in person for a second Rule 26(f) conference. The parties discussed and present the following three considerations to the Court in setting an amended schedule for this case:

A.      First, Slate maintains that, for the reasons explained in its motion to stay (Doc. 44), the Court should stay discovery until the Court rules on Slate's pending motion to dismiss (Doc. 64), which seeks fully dispositive relief. If the Court denies Slate's motion, the Court should instruct the parties to submit a proposed schedule at that time. Plaintiffs maintain the positions argued in opposition to Slate's motion (Doc. 54).

B.      Second, the government defendants believe mediation will not be fruitful until after the Court's ruling on the APA claims (counts I–III). Accordingly, the government defendants suggest allowing the parties to engage in informal settlement discussions throughout the case, but wait to require the parties to engage a paid mediator until after the Court's ruling on the parties dispositive briefs on plaintiffs' APA claims.[1]

C.      Third, all counsel agree that, even if they cannot resolve the case earlier, the parties will have a high likelihood of resolving the case after the Court resolves the APA claims one way or another. Therefore, the parties jointly ask the Court to wait to set pretrial deadlines and a trial term until after the Court's ruling on the APA claims. Those deadlines will require likely-unnecessary expenditures of costs and fees and add artificial pressure on the parties and the Court while the Court considers the APA briefing.

3.      Under Rule 16(b)(4), the Court may amend a scheduling order for good cause. The parties submit that the government defendants' lack of involvement in the prior Rule 26(f) conference and resulting scheduling order constitutes good cause to amend the scheduling order to take all parties' views into consideration.

---

[1] The district court generally considers and disposes APA claims based on a record review and briefs. If the Court grants relief on the APA claims, the government defendants suggest the parties mediate at that time before a subsequent hearing on the appropriate APA remedy.

4.      Subject to the positions of the parties explained in paragraph 2 above, if the Court rejects the defendants' respective positions by denying a stay and requiring mediation prior to dispositive motions on the APA claims, the parties propose the following schedule:

     A.  Government to File Administrative Record: January 21, 2020

     B.  Initial Disclosures (Rule 26(a)(1)): January 29, 2020

     C.  Motions to Add Parties or Amend Pleadings: February 19, 2020

     D.  Disclosure of Expert Reports:

         i.  Plaintiffs: May 14, 2020

         ii.  Defendants: June 30, 2020

     E.  Discovery Deadline: July 30, 2020

     F.  Dispositive and *Daubert* Motions (including APA dispositive briefs): September 1, 2020

     G.  Mediation Deadline: September 14, 2020

5.      If the Court rejects the parties' request to wait to set pretrial deadlines until after resolving the APA claims, they propose the following pretrial schedule:

     A.  Meeting in Person to Prepare Joint Final Pretrial Statement: December 30, 2020

     B.  Joint Final Pretrial Statement: January 15, 2021

     C.  All Other Motions (including motions in limine and trial briefs): January 2, 2021

     D.  Trial Term: March 7, 2021

WHEREFORE, the parties jointly request that the Court amend the scheduling order to incorporate the positions of the parties above.

SMITH HULSEY & BUSEY

  /s/Robert K. Dwyer
ROBERT K. DWYER
Fla. Bar No. 894257
Florida Legal Services, Inc.
P.O. Box 533986
Orlando, FL 32853
Phone: 407.801.4679 (direct)
Fax: 407.505.7327
Robert.dwyer@floridalegal.org

*Attorneys for Plaintiffs*


MARIA CHAPA LOPEZ
United States Attorney

By:    /s/ *Scott H. Park*
Scott H. Park
Assistant U.S. Attorney
Identifying No. USA084
400 W. Washington Street, Suite 3100
Orlando, Florida  32801
Telephone: (407) 648-7500
Facsimile: (407) 648-7588
Email: Scott.Park@usdoj.gov

*Attorneys for Sonny Perdue,*
*Bruce Lammers and Philip Leary*

By:    /s/ *Joseph W. Rogan*
Lanny Russell
Joseph W. Rogan

Florida Bar Number 303097
Florida Bar Number 111731
One Independent Drive, Suite 3300
Jacksonville, Florida  32202
(904) 359-7700
(904) 359-7708 (facsimile)
lrussell@smithhulsey.com
jrogan@smithhulsey.com

Richard M. Price (admitted *pro hac vice*)
D.C. Bar Number 419903
Brian P. Donnelly (admitted *pro hac vice*)
Virginia Bar Number 82052
NIXON PEABODY LLP
799 9th Street N.W., Suite 500
Washington, DC  20001-5327
(202) 585-8000
(866) 585-8080 (facsimile)
rprice@nixonpeabody.com
bdonnelly@nixonpeabody.com

*Attorneys for Slate West Eleven LLC*

01052019

4

5

## **CERTIFICATE OF SERVICE**

I hereby certify that on December 17, 2019, I electronically filed the foregoing with the Clerk of the Court by using the CM/ECF system, which will send a notice of electronic filing to all counsel of record. I further certify that I mailed the foregoing document and the notice of electronic filing by first-class mail to the following non-CM/ECF participants: none.

*/s/ Joseph W. Rogan*
Attorney
